JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

RELEASED FOR PUBLICATION

DEC - 7 2005

DOCKET NO. 1726

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE MEDTRONIC, INC., IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION

BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

  This litigation currently consists of six actions in the Southern District of Florida, three actions each in the Middle District of Florida and the District of South Carolina, two actions each in the District of Minnesota and the Eastern District of New York, and one action each in the Eastern District of Arkansas, the Central District of California, the District of Connecticut, the Northern District of Illinois, the Western District of North Carolina, the Eastern District of Tennessee, the Eastern District of Texas, the Southern District of West Virginia and the Eastern District of Wisconsin as listed on the attached Schedule A.[1] Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of these 25 actions. Plaintiffs in a Southern District of Florida action and an Eastern District of New York action seek centralization in the Southern District of Florida or, alternatively, the Eastern District of New York. Plaintiffs in both District of Minnesota actions seek centralization in the District of Minnesota. Common defendant Medtronic, Inc. (Medtronic) opposes both motions, but alternatively prefers centralization of only purported class actions in the District of Minnesota. Medtronic also proposes the Northern District of Illinois and the Eastern District of Wisconsin as potential transferee districts. All responding plaintiffs in actions before the Panel, as well as plaintiffs in potential tag-along actions, agree that centralization is appropriate. These plaintiffs divide their support among the Middle District of Florida, the Southern District of Florida and the District of Minnesota.

  On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the

---

[*] Judge Hodges did not participate in this decision with respect to the Middle District of Florida *Rose* action.

[1] The Panel has been notified of fourteen potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations that certain Medtronic implantable defibrillator devices, known as implantable cardioverter defibrillators and cardiac resynchronization therapy defibrillators, were defective and caused injury, or the threat of injury, to the plaintiffs and putative class members. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Medtronic argues that centralization is inappropriate because the actions are factually dissimilar and dispositive motions are already pending in many actions. We disagree. Transfer of all related actions to a single judge has the salutary effect of fostering a pretrial program that: i) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The transferee judge, of course, may establish separate tracks for discovery and motion practice in any constituent MDL-1726 action or actions, whenever he determines that such an approach is appropriate.

The Panel is persuaded that the District of Minnesota is an appropriate transferee district for this litigation. Because Medtronic has its headquarters within the District of Minnesota, relevant discovery may be found there. Transfer to this district also provides a centrally located forum for actions filed in several locations nationwide.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota, with the exception of the *Downes* action discussed in the next paragraph, are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable James M. Rosenbaum for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

IT IS FURTHER ORDERED that transfer of the *Downes* action listed on Schedule A and pending in the Southern District of Florida is deferred, at the request of the judge presently assigned to that action, so that he can rule on a motion that he plans to decide soon.

FOR THE PANEL:

/s/ Wm. Terrell Hodges
_____
Wm. Terrell Hodges
Chairman

## SCHEDULE A

MDL-1726 -- In re Medtronic, Inc., Implantable Defibrillators Products Liability Litigation

<u>Eastern District of Arkansas</u>

*Mike Nichols v. Medtronic, Inc., et al.*, C.A. No. 4:05-681

<u>Central District of California</u>

*Chris T. Wilson v. Medtronic, Inc.*, C.A. No. 2:05-3321

<u>District of Connecticut</u>

*Jeffrey Stein v. Medtronic, Inc.*, C.A. No. 3:05-670

<u>Middle District of Florida</u>

*Earl Baker, et al. v. Medtronic, Inc.*, C.A. No. 3:05-440
*Albert Rose v. Medtronic, Inc.*, C.A. No. 5:05-330
*Jose Jimenez v. Medtronic, Inc.*, C.A. No. 8:05-1088

<u>Southern District of Florida</u>

*Joyce Ware, et al. v. Medtronic, Inc., et al.*, C.A. No. 0:05-61468
*Louis Blau v. Medtronic, Inc.*, C.A. No. 1:05-22386
*David Downes v. Medtronic, Inc.*, C.A. No. 9:05-80746
*Kathy Higginbotham v. Medtronic, Inc.*, C.A. No. 9:05-80747
*Milton Yolles v. Medtronic, Inc.*, C.A. No. 9:05-80773
*Harold Vantosh, et al. v. Medtronic, Inc.*, C.A. No. 9:05-80782

<u>Northern District of Illinois</u>

*Marion Preston, et al. v. Medtronic, Inc.*, C.A. No. 1:05-4609

<u>District of Minnesota</u>

*Peter M. Dudek v. Medtronic, Inc.*, C.A. No. 0:05-1252
*United Food & Commercial Workers Union & Employers Midwest Benefits Fund v. Medtronic, Inc.*, C.A. No. 0:05-2074

- A2 -

### Eastern District of New York

*Raymond F. Manners, et al. v. Medtronic, Inc.*, C.A. No. 2:05-1617
*Daniel Tineo v. Medtronic, Inc.*, C.A. No. 2:05-3929

### Western District of North Carolina

*Virgil H. Cook, et al. v. Medtronic, Inc.*, C.A. No. 1:05-247

### District of South Carolina

*Kenneth A. Willis, Sr., et al. v. Medtronic, Inc.*, C.A. No. 3:05-2020
*Christopher J. Yahnis v. Medtronic, Inc.*, C.A. No. 4:05-1937
*Marty W. Eldridge, et al. v. Medtronic, Inc.*, C.A. No. 8:05-1882

### Eastern District of Tennessee

*Jeffrey C. Kellar, et al. v. Medtronic, Inc.*, C.A. No. 4:05-42

### Eastern District of Texas

*John Daniel v. Medtronic, Inc.*, C.A. No. 5:05-119

### Southern District of West Virginia

*Dale Riggs v. Medtronic, Inc.*, C.A. No. 3:05-694

### Eastern District of Wisconsin

*Donald Zigman v. Medtronic, Inc.*, C.A. No. 2:05-617