## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: MEDTRONIC, INC.,<br>IMPLANTABLE DEFRIBRILLATORS<br>PRODUCTS LIABILITY LITIGATION | Multidistrict Litigation No.<br>05-1726 (JMR/AJB) |

PRETRIAL ORDER

The Judicial Panel on Multidistrict Litigation has transferred actions in the above-captioned matter to this Court for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 as part of a nationwide litigation involving implantable defibrillators. Pursuant to this Court's jurisdiction over these actions, this Court hereby enters the following order:

1.    Consolidation of Related Actions. Any other actions filed, whether filed directly in the United States District Court for the District of Minnesota or in any other United States District Court (whether by original filing or removal), that are related to this litigation are hereby consolidated into one action (the "Consolidated Action") for all pre-trial purposes, pursuant to Rule 42 of the Federal Rules of Civil Procedure and MDL Order dated December 8, 2005, under 28 U.S.C. § 1407(a).

2.    Caption of Case. All orders, pleadings, motions and other documents served or filed in this Consolidated Action shall have the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: MEDTRONIC, INC. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION | MDL No. 05-1726 (JMR/AJB) |
| This Document Relates to ["All Actions" or specify by title and case number the individual applicable cases if the document relates to less than all of the consolidated cases.] | |

The original of this Order shall be filed by the Clerk and a copy thereof shall be filed in each subsequently filed or transferred action, which is related to and consolidated with this action. The Clerk of Court will maintain docket and case files under this caption, and pursuant to the procedures set forth in paragraph 3, below.

    3.    <u>Docket and Filing Procedures</u>.

    A.    <u>Master Docket and File</u>.  The Clerk will maintain a Master Docket and case file under the style set forth in paragraph 2, above.  All orders, pleadings, motions and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable.  The Master Docket is set up with the following parties:  Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, Defendants' Lead Counsel and Defendants' Liaison Counsel. These parties will appear in the docket report.  The defendants and plaintiffs from the other cases will be added as MDL - Notice Only party types, but will not appear on the docket report.  *See* Attachment A (Memorandum re: CM/ECF FILING IN MEDTRONIC MDL 1726).

2

B.    Separate Dockets and Files. The Clerk will maintain a separate docket for each case removed or transferred to this Court. Each such case will be assigned a new case number in this Court.

C.    Captions and Separate Filing. Orders, pleadings, motions and other documents will bear the caption set forth in paragraph 2, above. If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL ACTIONS" and shall be filed and docketed only in the Master File. As set forth in paragraph 2, documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply and will be filed and docketed in the master case file and specified individual case file(s).

D.    Address, Number of Copies, and Electronic Filing. When filing documents relating to "ALL ACTIONS" with the Court, the parties will comply with the Court's requirements as to electronic filing and the documents shall be filed on the ECF system under the Master File or, if electronic filing is not possible, a signed original shall be sent to the Clerk, U.S. District Court, District of Minnesota, Suite 202, 300 South Fourth Street, Minneapolis, Minnesota 55415 for filing in the Master File. When filing documents relating to a particular case or cases, the documents shall be filed on the ECF system under both the Master File and the particular case, or, if electronic filing is not possible, one signed original shall be sent for the Master File and an additional copy for each particular case to which the matter related. For all dispositive motions and briefs, send two courtesy copies of memoranda and one copy of the attachments to Chambers (The Honorable James M. Rosenbaum, Chief Judge, U.S. District Court, District of

3

Minnesota, Room 15E, 300 South Fourth Street, Minneapolis, Minnesota 55415).

In addition, proposed orders should be sent in WordPerfect or Word to the

Chambers e-mail box at rosenbaum_chambers@mnd.uscourts.gov. If the motion

is non-dispositive, mail two courtesy copies of memoranda and one copy of the

attachments to Chambers ( The Honorable Arthur J. Boylan, Magistrate Judge,

U.S. District Court, District of Minnesota, Room 202, 300 South Fourth Street,

Minneapolis, Minnesota 55415) In addition, proposed orders should be sent in

WordPerfect    or    Word    to    the    Chambers    e-mail    box    at

boylan_chambers@mnd.uscourts.gov .

E.    Discovery Requests and Responses.  Pursuant to Fed. R. Civ. P. 5(d), discovery

requests and responses will not be filed with the Court except when specifically

ordered by the Court or to the extent offered in connection with a motion.

F.    Rules of Civil Procedure.  All actions listed in the Schedule A attached to the

JPML's Transfer Order of December 8, 2005, as well as any other actions

subsequently transferred to or filed in this proceeding, shall be governed by the

Federal Rules of Civil Procedure and the Local Rules for the District of

Minnesota, including Local Rules 72.1 ("Magistrate Judge Duties") and 72.2

("Review of Magistrate Judge Rulings").

4.    Consolidation of Additional Actions.  Any other action pending, subsequently

filed or transferred to this Court, which arises out of the acts or transactions alleged in the

Consolidated Action will be reassigned to this Court, and shall be consolidated herewith if and

when they are called to the Court's attention.

5.    Applicability of Order.  This Order applies automatically to all actions listed in

the Schedule A attached to the JPML's Transfer Order of December 8, 2005, as well as any other

actions subsequently transferred to or filed in this proceeding, without the necessity of future motions or orders. Should parties in any subsequently transferred or filed action object to the terms of this Order, they must do so within thirty (30) days of receipt of this Order from Plaintiffs' Liaison Counsel.

      6.    Service List. This Order shall be mailed to the persons named as Lead or Liaison Counsel in a separate order. Said counsel are required to forward a copy of the Order to other attorneys who have appeared in any action transferred to this court.. An updated and corrected service list shall be prepared as the litigation progresses. The Lead and Liaison Counsel for each party shall be responsible for establishing a service list and conferring with the Clerk of the Court to ensure that a Master Service List is established and kept current and which shall include all parties and counsel that may join this action.

      7.    List of Affiliated Companies and Counsel. To assist the Court in identifying any issues or matters of recusal or disqualification, counsel will submit to the Court, no later than thirty (30) days of receipt of this Order, a list of all companies affiliated with the parties and all counsel associated in the litigation.

      8.    List of Related Cases. Lead Counsel (whose identities will be set forth in a separate order) shall confer among themselves and jointly submit to the Court, no later than thirty (30) days of receipt of this Order, a list of all related cases pending in state and federal court and their current status, to the extent known.

      9.    Admission of Counsel. Attorneys admitted to practice and in good standing in any United States District Court are admitted as MDL attorneys in in this litigation. Association of local co-counsel is not required. All counsel are expected to familiarize themselves with the Local Rules of this Court, the American Bar Association's *Civil Discovery Standards*, as well as *The Manual for Complex Litigation 4th* (Federal Judicial Center 2004), which the Court and

parties may be called upon to refer to as a resource in the case management of this litigation. It is necessary to obtain a login and password to file electronically. Instructions regarding electronic filing and how to obtain a login and password in the District of Minnesota will be available on the website.

    10.    <u>Organization and Responsibilities of Plaintiffs' Counsel</u>.

    A.    <u>Plaintiffs' Lead Counsel Committee</u>. The attorneys whom the Court will designate in a separate order as members of Plaintiff's Lead Counsel Committee will be members of and direct the work of the Plaintiff Steering Committee.

    B.    <u>Responsibilities of the Plaintiffs' Lead Counsel Committee</u>. The attorneys on Plaintiffs' Lead Counsel Committee shall be responsible for coordinating the activities of Plaintiffs during pretrial proceedings and, in consultation and with the assistance of the Plaintiffs' Steering Committee, shall:

    i.    Determine (after consultation with other members of Plaintiffs' Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

    ii.    Coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

    iii.    Conduct settlement negotiations on behalf of Plaintiffs, but not enter binding agreements except to the extent expressly authorized;

6

iv.     Delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the Plaintiffs is conducted effectively, efficiently, and economically;

v.      Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

vi.     Prepare and distribute to the parties periodic status reports;

vii.    Maintain adequate time and disbursement records covering services as lead counsel;

viii.   Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

ix.     Perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further Order of the Court; and

x.      Submit, if appropriate, additional committees and counsel for designation by the Court.

Counsel for Plaintiffs who disagree with Lead Counsel Committee (or those acting on behalf of lead counsel) or who have individual or divergent positions may present written and oral arguments, and otherwise act separately on behalf of their client(s) as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of the Lead Counsel Committee.

C.      Plaintiffs' Steering Committee.  The Court will designate, by separate order, the members of the Lead Counsel Committee who will serve on Plaintiffs' Steering Committee.

The members of Plaintiffs' Steering Committee shall consult with the Plaintiffs'

7

Lead Counsel Committee in coordinating the Plaintiffs' pretrial activities and in planning for trial.

D.    Plaintiffs' Liaison Counsel.  The Court will designate Plaintiffs' Liaison Counsel by separate order.  Plaintiffs' Liaison Counsel shall:

i.    **Service List:**  Maintain and distribute to co-counsel and to Defendants' Liaison Counsel an up-to-date service list;

ii.    **Accept Service:**  Receive and, as appropriate, distribute to co-counsel Orders from the Court and documents from opposing parties and counsel; and

iii.    **MDL Case File & Document Depository:**  Maintain and make available to co-counsel and other Plaintiffs' counsel at reasonable hours a complete file of all documents served by or upon each party (except such documents as may be available at a document depository); and shall establish and maintain an electronically accessible document depository no later than February 15, 2006.

11.    Defendant's Lead Counsel Committee.  Lead Counsel Committee for Defendant shall be identified by separate order.

12.    Privileges Preserved.  No communication among Plaintiffs' Counsel or among Defendants' Counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

13.    Service of Documents.

A.    **Orders.**  A copy of each Order will be provided to Defendant's Lead Counsel Committee and to the Plaintiffs' Lead Counsel Committee for distribution as

appropriate to other counsel and parties. To clarify the meaning of this paragraph, service through CM/ECF only goes to those who have filed a case and are in ECF. In cases that will be transferred here (but are not here yet), the new plaintiffs are not in the system yet. ECF can only notice those that are in the system at the time the document was filed. It therefore remains the responsibility of the lead or liaison counsel to affect service. While the Court can assist counsel with counsel's service list, at least in the beginning of this litigation, the list will contain parties and attorneys that are not in our system yet.

B.     **Pleadings, Motions, and Other Documents.** Each member of the Plaintiffs' Lead Counsel Committee and Defendants' Lead Counsel shall be provided with one copy of each document served and/or filed by a party, including any and all attachments, to be delivered by electronic mail. Lead and Liaison Counsel shall also be provided with one non-electronic copy of each document served and/or filed by a party, including any and all attachments. Pursuant to Fed. R. Civ. P. 5, service on Plaintiffs' Lead Counsel Committee, including Liaison Counsel, constitutes service on other attorneys and parties for whom Counsel is acting, such service shall be deemed effective seven (7) days after service on Plaintiffs' Lead Counsel Committee.

14.     <u>Official Court Website</u>. The Court has created and will maintain a website devoted solely to the Medtronic Implantable Defibrillators Products Liability Litigation, found at http://www.mnd.uscourts.gov/. Through the website, parties may access, as may be established, Court Orders, Court Minutes, Court Calendar, the Master Service List, Frequently Asked Questions, Court Transcripts, Court Docket, Current Developments and information as to Plaintiffs' Lead Counsel Committee and Liaison Counsel as well as Defendants' Lead Counsel.

Plaintiffs' Lead Counsel Committee and Liaison Counsel and Defendants' Lead Counsel shall confer with the Court regarding the content of the website.

      15.    <u>Transcript Payment</u>. The Official Transcript of all hearings shall be posted on the Medtronic Litigation website. The cost of the expedited Official Transcript shall be borne by the Plaintiffs and Defendants equally. Payment is to be made within fourteen (14) days of receipt of the Court Reporter's invoice.

      16.    <u>Pleadings</u>. Deadlines for answers or responses to the Complaints in all actions are hereby suspended except as ordered herein or until further Order of this Court.

      17.    <u>Master Pleadings, Motions, and Orders</u>.

          A.    Master Complaint.

It shall be the responsibility of Plaintiffs' Steering Committee to file,

          (1)    a single master consolidated complaint containing allegations that would be suitable for adoption by reference in individual cases, and

          (2)    a single master consolidated complaint containing allegations that would be suitable for adoption by reference in third party payor cases,

The master complaints shall not constitute the inception of a new "case or controversy" in this district and shall not supersede nor render moot the pending separate action that had been transferred to this district for pretrial proceedings by the MDL Panel. Rather, said master complaints shall be used as a device to facilitate ease of the dockets administration and to assist in identifying issues common to all of the cases centralized before this court. The allegations of the master complaints are not deemed automatically included in any particular case.

However, in order to avoid possible problems with statute of limitations or doctrines of repose, it shall be deemed (except to the extent a plaintiff hereinafter files an amended complaint disavowing such claims in theories or limits its claims in theories to those contained in an amended complaint) that, as of this date, for cases now pending in this court (or as of the date other cases are filed in, removed to, or transferred to this court) a motion is filed in each such case to amend the complaint to add any potentially applicable claims and theories from the master complaints not contained in the complaint actually filed in that case.

B.  Master Answers

Defendant's lead counsel will file a master answers that will incorporate Defendant's defenses in law or fact to claims made against it in the various actions that are presently pending in this litigation.  The answers will not attempt to provide a cross-reference to particular paragraphs or counts of the various complaints.  The master answer(s) shall, however, cross-reference to particular paragraphs or counts in Plaintiffs' master complaint(s).  The master answer shall in a "generic" manner admit or deny (including denials based on lack of information and belief) the allegations typically included in claims made against it as well as make such additional allegations as are appropriate to its defenses. When so filed in MDL 1726, the master answers constitute an answer in each constituent case now pending or when hereafter filed in, removed to, or transferred to this court except to the extent the defendant later files a separate answer in an individual case.

C.  Refinement of Pleadings.

It is anticipated that an amended, more specific complaint and answer may be

11

required before a case is scheduled for trial or remanded to a transferor court, but amendments of pleadings prior to that time should generally be avoided.

D.    Motions; Orders.

A motion, brief, or response that has a potential effect on multiple parties (e.g., documents submitted in connection with a motion for partial summary judgment asserting that punitive damages are not recoverable with respect to [the product's use] in State A) will be deemed made in all similar cases on behalf of, and against, all parties similarly situated except to the extent such other parties timely disavow such a position. Additional motions, briefs, or responses addressed to such issues should not be filed or submitted by other parties except to the extent needed because of inadequacy of the original papers, to present unique facts, or because of a difference in positions. Orders resolving such motions will likewise be deemed as made with respect to all parties similarly situated unless the order indicates otherwise.

18.    Motions. To avoid unnecessary litigation concerning motions, including motions relating to discovery disputes, counsel are directed to meet and confer before filing a motion. In any motion filed, counsel for the moving party must certify that a good-faith effort was made to resolve the dispute.

19.    Preservation of Evidence. A separate order concerning preservation shall be entered by this court. The parties are hereby ordered to meet and confer for purposes of reaching an agreement on the language to be included in such order. To the extent that the parties are unable to agree, they are ordered to supply the court with a redline version of a proposed order containing the language agreed to and clearly identify which language is subject to disagreement between the parties and shall set forth clearly, the parties' proposals concerning the same. Said

redlined order setting forth the parties' competing proposals shall be filed no later than 4:30 p.m. on Wednesday, January 18, 2006. The parties may also supply the court with an informal letter brief not to exceed 2 pages in length.

    20.    Protective Order. A separate order concerning protective order language shall be entered by this Court. The parties are hereby ordered to meet and confer for purposes of reaching an agreement on the language to be included in such order. To the extent that the parties are unable to agree, they are ordered to supply the Court with a redline version of a proposed order containing the language agreed to and clearly identifying which language is subject to disagreement between the parties and shall set forth clearly, the parties' proposals concerning the same. Said redlined order setting forth the parties' competing proposals shall be filed no later than 4:30 p.m. on Wednesday, January 18, 2006. The parties may also supply the Court with an informal letter brief not to exceed 2 pages in length.

    21.    Status Conferences. The Court will convene Status Conferences in its discretion. Counsel for each side shall meet and confer in advance of each Status Conference and submit to the Court a joint Agenda and Status Conference report listing matters to be considered by the Court at the Status Conference.

    Status Conferences shall be regularly scheduled by the Court to permit substantial advance notice to all parties. Except as otherwise provided herein, and to accommodate the schedules of the Court and the parties, all argument or hearing on any motion will be scheduled to coincide with calendared Status Conferences. Any hearing or oral argument deemed necessary by the Court on motions that require a ruling on an expedited basis will be scheduled with notice of at least five business days. If circumstances warrant, the Court may shorten a notice period.

    The next Status Conference is scheduled for Thursday, February 16, 2006, at 9:00 a.m.,

13

in Courtroom 15E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. At the next and all future Status Conferences, the parties are to provide the Court, within three business days before each Status Conference, an agreed upon agenda for the conference, and to provide a brief—one to two paragraph—summary of the party positions as to any disputed issues.

Further, unless otherwise ordered herein, it shall be the intent of the Court to meet in chambers with lead counsel for Plaintiffs and lead counsel for Defendants 45 minutes before each Status Conference.

Continuing in March 2006, and every month thereafter, unless otherwise ordered by this Court, Status Conferences shall be held on the third Thursday of each month at 9:00 a.m., at the United States Courthouse in Minneapolis, 300 South Fourth Street, Minneapolis, Minnesota.

22.  Timing.

A.  Plaintiffs' Master Complaint(s) shall be served and filed on or before February 15, 2006.

B.  Defendant's Master Answer shall be served or filed on or before March 15, 2006. Defendant shall also serve and file any early dispositive motions seeking judgment on the pleadings and/or summary judgment by said date.

C.  Discovery on the defenses identified in the Defendant's Master Answer and dispositive motions shall be completed by May 1, 2006. The parties are generally aware of the Defendant's contentions concerning preemption and other defenses and as such, the Plaintiffs may commence discovery on those issues immediately and need not wait for the service of the Master Answer or other pleadings.

D.  Plaintiffs' responsive brief to Defendant's dispositive motions shall be served and filed on or before May 15, 2006.

E.  Defendant's reply brief shall be served and filed on or before June 1, 2006.

14

F.     A hearing on any such motions filed shall be held before the Honorable Chief

Judge James M. Rosenbaum at a date and time to be determined.

23.    Discovery Limitations.

A.     No more than 20 interrogatories (counted in accordance with Federal Rules of

Civil Procedure 33(A)) shall be served by any party.

B.     No more than 6 depositions, including depositions noticed pursuant to Rule

30(B)(6). When agreed to between the parties, the depositions may exceed the 7

hour time limit imposed under FRCP 30(D)(2). Categories of document requests

may include but not be limited to the following:

        i.     All submissions made to the FDA concerning the devices at

           issue.

        ii.    All communications to the FDA concerning the devices at issue.

        iii.   All adverse event reporting documents regarding the devices at

           issue

        iv.    All documents and communications referring to the at issue

           devices' pre-market approval process and any supplementations

           to the pre-market approval.

C.     The Magistrate Judge shall periodically convene informal telephone conferences

designed to address any discovery disputes that may arise. The initial conference

shall be scheduled to commence at 9:00 AM on  Monday January 30, 2006. Said

conferences shall be limited to 30 minutes. The parties shall submit letters, not

exceeding two pages in length, identifying issues which the parties wish the court

to address. Said letters shall be delivered to the Magistrate Judge's chambers e-

mail no later than 1:00 PM on the business day prior to the conference. Counsel

15

shall agree between themselves on who will be responsible for coordinating the

telephone conference.

24.     <u>Future Scheduling Conferences.</u>   Immediately upon the parties being served with

the Court's order on the defendant's dispositive motions, they shall immediately notify the

undersigned Magistrate Judge for purposes of convening a scheduling/case management

conference as needed given the Court's determination and order on said dispositive motion.


Dated:  January 20, 2006                        <u>s/Arthur J. Boylan</u>
                                                ARTHUR J. BOYLAN
                                                Magistrate Judge of United States District Court