IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GUNTER I. BRAUN, et al** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | **Case No. 06-cv-0935 (EGS)** |
| ) | |
| **MEDTRONIC, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**CONSENT MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER TO
MULTI-DISTRICT LITIGATION 1726 IN THE DISTRICT OF MINNESOTA**

Defendant Medtronic, Inc. ("Medtronic"), with the consent of the Plaintiffs Gunter Braun, et al. ("Plaintiffs"), hereby moves this Court for a stay of all proceedings in this action due to the imminent transfer of this case to the recently created multidistrict litigation proceeding ("MDL"). Although Plaintiffs consent to this motion, they request that the Court still consider their previously filed Motion for Leave to File Amended Complaint.

On December 7, 2005, the Judicial Panel for Multidistrict Litigation ("JPML") ordered that certain cases be transferred to *In re Medtronic, Inc. Implantable Defibrillators Products Liability Litigation,* MDL No. 1726 (the "Transfer Order"). The JPML established this proceeding to coordinate all federal product liability actions involving certain of Medtronic's "Marquis" implantable cardioverter defibrillators.[1]

Because this Court - as well as every other federal court in the country -- recognizes that proceedings in cases transferred to the MDL should be stayed for reasons of fairness, efficiency, and judicial economy, this Court should stay all proceedings here. Thus, the parties

---

[1] In particular, the "Marquis" devices at issue are those devices that were subject to Medtronic's February 2005 health safety advisory issued for the following models of implantable cardioverter defibrillators ("ICDs") and cardiac resynchronization therapy defibrillators ("CRT-Ds") with batteries manufactured between April 2001 and December 2003: Model 7320 Marquis® VR, Model 7274 Marquis® DR, Model 7232 Maximo$^{TM}$ VR, Model 7278 Maximo$^{TM}$ DR, Model 7277 InSync Marquis$^{TM}$, Model 7289 InSync II Marquis$^{T}$", Model 7279 InSync III Marquis$^{TM}$ and the Model 7285 InSync III Protect$^{TM}$.

hereby consent and stipulate to this motion and respectfully request that the Court stay all proceedings pending transfer of this case to the MDL in the District of Minnesota.

## I.     BACKGROUND

On December 7, 2005, the JPML issued a Transfer Order establishing MDL Proceeding No. 1726, titled *In re Medtronic, Inc. Implantable Defibrillators Products Liability Litigation*. A copy of the Transfer Order is attached hereto as **Exhibit A.** The Transfer Order directed that the 25 original Marquis actions subject to the original motions for coordinated treatment be transferred to the District of Minnesota (Judge James M. Rosenbaum) for coordinated pretrial proceedings. In the Transfer Order, the JPML stated:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share allegations that [the Marquis devices] were defective and caused injury, or the threat of injury, to the plaintiffs and putative class members. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Transfer Order at 2. The JPML also was "notified of fourteen potentially related actions pending in multiple federal districts," and that "these actions will be treated as potential tag-along actions." *Id.* at 2 n. 1.

Furthermore, on December 16, 2005, Judge Rosenbaum issued "Order No. 1" in the MDL proceeding. In addition to essentially staying all proceedings of the 25 cases subject to the Transfer Order, Order No. 1 states that it "shall also apply to related cases later filed in, removed to, or transferred to this court." Order No, 1, ¶5. A copy of Order No. 1 is attached hereto as **Exhibit B.**

Plaintiffs instituted this action by filing their Complaint on March 16, 2006 in this Court. Because this action has been identified as a potential "tag-along action," as defined in Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the parties anticipate this case will be transferred to the MDL proceeding in the District of Minnesota in the near future.

## II.    ARGUMENT

Because the MDL court will inevitably gain control of this case for pretrial purposes, this Court should stay all current proceedings and allow this case to be transferred to the MDL proceeding in the District of Minnesota.

The United States Supreme Court has long-held that federal courts have an "inherent" authority to stay proceedings. *See Landis v. North American Co., 299* U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigation."). The District of Columbia Circuit has agreed. *See, e.g., Dellinger v. Mitchell,* 442 F.2d 782, 786-787 (D.C. Cir. 1971); *See also Rivers v. The Walt Disney Co.,* 980 F. Supp, 1358, 1360 (C.D. Cal. 1997) (noting that the court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pretrial purposes] by another judge"); *Mirabile v. Blue Cross and Blue Shield of Kansas City, Inc.,* 2005 WL 1593661 (D. Kan. Jul. 7, 2005) (granting stay of all proceedings based upon impending transfer to MDL court). A copy of this case is attached *as **Exhibit C.***

Indeed, federal courts *uniformly* stay proceedings (especially in light of an impending MDL transfer) for reasons of judicial economy. *See, e.g., In re AOL Time Warner, Inc. Securities & ERISA Litigation, 2003 WL* 22227945 (S.D.N.Y. Sept. 26, 2003) (granting motion to stay an already consolidated MDL case: "[U]necessary replication of effort is the

exact type of inefficiency that the Judicial Panel on Multidistrict Litigation sought to avoid when it consolidated these cases."). A copy of this case is attached as ***Exhibit D.***

Here, this action is a potential tag-along case to the 25 cases that were expressly transferred to the MDL proceeding as well as the more than 100 cases that have already been transferred to the District of Minnesota. So, just as every court noted above did, this Court should stay these proceedings pending MDL transfer in order to avoid "unnecessary replication" of effort and in order to promote judicial economy.

### III.    CONCLUSION

For the foregoing reasons, the parties respectfully request that, in light of the Transfer Order and Order No. 1, the Court stay all proceedings in this case pending its transfer to MDL 1726 in the District Court of Minnesota.

Respectfully submitted,

MEDTRONIC, INC.

/s/ Geoffrey J. Greeves
Geoffrey J. Greeves (Bar #463035)
GREENBERG TRAURIG, L.L.P.
greevesg@gtlaw.com
800 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006
Tel. (202) 331-3183
Fax. (202) 331-3101

GUNTER I. BRAUN, et al

/s/ Steven J. Lewis
Steven J. Lewis, Esq. (Bar #472564)
AARON M. LEVINE & ASSOCIATES, P.A.
slewis@aaronlevinelaw.com
1320 19th Street, NW, Suite 500
Washington, DC 20036
Tel. (202) 833-8040
Fax. (202) 833-8046

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GUNTER I. BRAUN, et al** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | Case No. 06-cv-0935 (EGS) |
| ) | |
| **MEDTRONIC, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**CONSENT ORDER STAYING ALL PROCEEDINGS BASED ON DECEMBER 7, 2005
TRANSFER ORDER OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

For good cause shown, and with the consent of all parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, in light of the MDL Panel's December 7, 2005, Transfer Order and the Transferee Court's December 16, 2005, Order No. 1, all proceedings in this action shall be stayed due to the imminent transfer of this case to multidistrict litigation proceeding in the District of Minnesota.

SO ORDERED, this _____ day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE

Copies to:

| MEDTRONIC, INC. | GUNTER I. BRAUN, et al |
|---|---|
| Geoffrey J. Greeves (Bar #463035) | Steven J. Lewis, Esq. (Bar #472564) |
| GREENBERG TRAURIG, L.L.P. | AARON M. LEVINE & ASSOCIATES, P.A. |
| greevesg@gtlaw.com | slewis@aaronlevinelaw.com |
| 800 Connecticut Avenue, N.W., Suite 500 | 1320 19th Street, NW, Suite 500 |
| Washington, DC 20006 | Washington, DC 20036 |
| Tel. (202) 331-3183 | Tel. (202) 833-8040 |
| Fax. (202) 331-3101 | Fax. (202) 833-8046 |