# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

In re: MEDTRONIC, INC., IMPLANTABLE DEFILBRILLATORS PRODUCTS LIABILITY LITIGATION.

Multidistrict Litigation No. 05-1726 (JMR/AJB)

**THIS DOCUMENT RELATES TO ALL CASES**

**ORDER NO. 1**
**(Setting Initial Conference)**

---

It appearing that the cases listed on Attachment A may merit special attention as complex litigation, the Court **ORDERS**:

**1. Initial Conference.** All parties shall appear for a conference with the undersigned on **January 6, 2006, at 9:30 a.m. sharp** in Courtroom 15E, United States District Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

(a) **Attendance.** To minimize costs and facilitate a manageable conference, parties are not required to attend the conference, and parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

(b) **Service List.** This Order is being mailed to the persons shown on Attachment B, which has been prepared from the list of counsel making appearances with

the Judicial Panel on Multidistrict Litigation. Counsel on this list are requested to forward a copy of the order to other attorneys who should be notified of the conference. A corrected service list will be prepared after the conference. Counsel are also directed to send email addresses to the court for notification purposes and service.

(c) **Other Participants.** Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal and state courts are invited to attend in person or by counsel.

**2. Purposes; Agenda.** The conference will be held for the purposes specified in Fed. R. Civ. P. 16(a), 16(b), 16(c), and 26(f) and subject to the sanctions prescribed in Rule 16(f). The items listed in the *Manual for Complex Litigation, Fourth*, section 11.21, shall, to the extent applicable, constitute a tentative agenda. Counsel are encouraged to advise the court as soon as possible of any items that should be added to the agenda

**3. Preparations for Conference.**

(a) **Procedures for Complex Litigation.** Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

(b) **Initial Conference of Counsel.** Before the conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class actions allegations, motions, and trial

(c) **Preliminary Reports.** Counsel will submit to the court by **December 30, 2005**, a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be filed with the clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.

(d) **List of Affiliated Companies and Counsel.** To assist the Court in identifying any problems of recusal or disqualification, counsel will submit to the Court by **December 30, 2005**, a list of all companies affiliated with the parties and all counsel associated in the litigation.

(e) **List of Pending Motions.** Counsel's statement shall list all pending motions.

(f) **List of Related Cases.** Counsel's statement shall list all related cases pending in state or federal court and their current status, to the extent known.

4. **Interim Measures.** Until otherwise ordered by the Court:

(a) **Admission of Counsel.** Attorneys admitted to practice and in good standing in any Untied States District Court are admitted *pro hac vice* in this litigation. Association of local co-counsel is not required.

(b) **Pleadings.** Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

(c) **Pending and New Discovery.** Pending the conference, all outstanding disclosure and discovery proceedings are stayed and no further discovery shall be initiated. This Order does not (1) preclude voluntary informal discovery regarding the

identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to the conduct of a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosure, responding to an outstanding discovery request under Rule 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36.  Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

(d) **Preservation of Records.**  Each party shall preserve all documents and other records containing information potentially relevant to the subject matter of this litigation.  Each party shall also preserve any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and, unless counsel stipulate to the test, without obtaining the Court's permission to conduct the test.  Subject to further order of the Court, parties may continue routine erasures of computerized data pursuant to existing programs, but they shall (1) immediately notify opposing counsel about such programs and (2) preserve any printouts of such data.  Requests for relief from this directive will receive prompt attention from the Court.

(e) **Motions.**  No motion shall be filed under Rules 12 or 56 without leave of court and unless it includes a certificate that the movant has conferred with opposing counsel in a good faith effort to resolve the matter without court action.

(f) **Orders of Transferor Courts.**  All Orders by transferor Courts imposing dates for pleadings or discovery are vacated.

**5. Later Filed Cases.**  This order shall also apply to related cases later filed in, removed to, or transferred to this court.

**6. Applications for Lead and Liaison Counsel Appointments.** The court intends to appoint plaintiffs' lead counsel and/or a plaintiffs' steering committee, as well as plaintiffs' liaison counsel. Applications for these positions must be filed with the clerk's office on or before December 30, 2005. The court will only consider attorneys who have filed a civil action in this litigation.

DATED: December 16, 2005      s/James M. Rosenbaum
                              JAMES M. ROSENBAUM
                              UNITED STATES DISTRICT JUDGE

Attachments:

    A - List of Cases
    B – Service List