**Westlaw.**

Not Reported in F.Supp.2d                                                                                                       Page 1
Not Reported in F.Supp.2d, 2003 WL 22227945 (S.D.N.Y.), Fed. Sec. L. Rep. P 92,522, 31 Employee Benefits Cas. 3037
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents

United States District Court,S.D. New York.
In re AOL TIME WARNER, INC. SECURITIES AND "ERISA" LITIGATION
Barbara GRANT, on Behalf of the AOL Time Warner Savings Plan and all Other Persons Similarly Situated, Plaintiff,
v.
AOL TIME WARNER INC., and Fiduciaries, John Does 1-30, Daniel F. Akerson, James L. Barksdale, Stephen F. Bollenbach, Stephen M. Case, Frank J. Caulfield, Miles R. Gilburne, Carla A. Hills, Reuben Mark, Michael A. Miles, Kenneth J. Novack, Richard D. Parsons, Robert W. Pittman, Franklin D. Raines, R.E. Turner, Francis T. Vincent, Jr., Defendants.
**No. MDL NO. 1500, 02 Civ.8853 (SWK).**

Sept. 26, 2003.

Employees brought action against employer for violations of Employee Retirement Income Security Act (ERISA). On employer's motion to stay discovery, the District Court, Kram, J., held that stay was warranted.

Motion granted.

West Headnotes

**Labor and Employment 231H 643**

231H Labor and Employment
    231HVII Pension and Benefit Plans
        231HVII(K) Actions
            231HVII(K)3 Actions to Enforce Statutory or Fiduciary Duties
                231Hk643 k. In General. Most Cited Cases
                (Formerly 296k83.1)
Stay of discovery was warranted, in employees' action against employer for violations of Employee Retirement Income Security Act (ERISA), pending resolution of dismissal motion in related class action securities suit against employer; significant portion of discovery being sought in ERISA action concerned issues common to securities action, and mere fact that many ERISA action plaintiffs were retirees was insufficient to show prejudice if discovery was delayed. Securities Exchange Act of 1934, § 21D(b)(3)(B), as amended, 15 U.S.C.A. § 78u-4(b)(3)(B); Employee Retirement Income Security Act of 1974, § 2 et seq., 29 U.S.C.A. § 1001 et seq.

*OPINION AND ORDER*

KRAM, J.
**\*1** THIS DOCUMENT RELATES TO:

Defendant AOL Time Warner Incorporated ("AOLTW") moves for a limited stay of discovery in the ERISA litigation pending resolution of the Motion to Dismiss in the Securities Action. Defendant asserts that a stay of discovery in the ERISA Action is necessary to avoid duplicative and uncoordinated discovery in the consolidated MDL action. Defendant also asserts that failure to stay discovery in the ERISA Action would frustrate the purposes the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3)(B) ( "PSLRA"). Plaintiff opposes the limited stay of discovery in the ERISA action, contending that such a stay would prejudice the ERISA plaintiffs. For the reasons set forth below, Defendants' Motion is granted.

Discussion

The PSLRA provides an automatic stay of discovery during the pendency of any motion to dismiss in an action filed under the federal securities laws. 15 U.S.C. § 78u-4(b)(3)(B). The stay is absolute unless plaintiffs can establish that particularized discovery is necessary to (1) preserve evidence or (2) prevent undue prejudice to the moving party. *Id.* Because the Securities plaintiffs have not demonstrated that particularized discovery is necessary either to preserve evidence or prevent undue prejudice, this Court has twice refused to lift the mandatory stay of discovery in the Securities Action. *See* Order dated April 2, 2003; *see also* Order dated July 25, 2003.

By its terms, the PSLRA mandatory discovery stay does not apply to ERISA actions. 15 U.S.C. § 78u-4(b)(3)(B).[FN1] However, the law is well settled that district courts have broad discretion to stay discovery upon a showing a good cause. *See* Fed.R.Civ.P. 26(c); *see also Anti-Monopoly, Inc. v. Hasbro, Inc.,* No. 94 CIV. 2120(LMM)(AJP), 1996 WL 101277, at

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 2
Not Reported in F.Supp.2d, 2003 WL 22227945 (S.D.N.Y.), Fed. Sec. L. Rep. P 92,522, 31 Employee Benefits Cas. 3037
**(Cite as: Not Reported in F.Supp.2d)**

*2 (S.D.N.Y. March 7, 1996). In deciding whether to stay discovery, courts consider, inter alia, the breadth and burden of the requested discovery and the potential prejudice to the party opposing the stay. *Id.* at *2-4.

> FN1. It should be noted however, that the PSLRA was recently amended to vest federal courts with the authority to "stay discovery proceedings in any private action in a State court, as necessary in aid of its jurisdiction, or to protect or effectuate its judgments, in an action subject to a stay of discovery pursuant to this paragraph." 15 U.S.C. § 78u-4(b)(3)(D). As the amendment's title, "Circumvention of stay of discovery," indicates, Congress was concerned with litigation tactics designed to sidestep the PSLRA's mandatory stay provision.

*Breadth and Burden of Discovery Request*

Here, the ERISA plaintiffs are seeking very broad discovery, a significant portion of which concerns issues common to the Securities Action. As an example, the plaintiffs in the ERISA Action are seeking, "All documents that reflect, refer, or relate to the collapse of the 'dot-com' Internet bubble during the Relevant Time Period." Memorandum of Law in Support of Defendants' Motion For a Limited Stay of Discovery in the ERISA Litigation, dated July 21, 2003 at 7, referring to Plaintiffs' First Request, dated March 18, 2003. Given the comprehensiveness of this and the other listed requests, the burden on the defendants to comply is significant. More importantly, if the Securities Action does survive the Motion to Dismiss, the entire discovery process will likely have to be repeated. Such unnecessary replication of effort is the exact type of inefficiency that the Judicial Panel on Multidistrict Litigation ("JPML") sought to avoid when it consolidated these cases. *See* JPML Transfer Order dated December 16, 2002 at 1, consolidating all cases relating to the misstatement of advertising revenue at AOL and AOLTW "in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary."

*Prejudice*

**\*2** Plaintiffs contend that the ERISA class will be prejudiced by a limited stay of discovery because the plaintiffs, many of whom of are retirees, "should not have to wait for such a long period of time," to obtain ERISA discovery. Plaintiffs' Memorandum in Opposition to Defendants' Motion for a Limited Stay of Discovery, dated August 11, 2003 at 7 ("Plaintiffs' Memo"). This is not a credible prejudice claim. If it were, then any discovery delay in any case where there were retirees in the plaintiff class would be prejudicial. Further, while recognizing that ERISA and the PSLRA protect divergent interests and policies, the Court does not believe that a temporary and finite delay in attaining discovery, when there are no time-sensitive claims at issue, amounts to prejudice.

*Alternatives to a Limited Stay of Discovery*

In its opposition memorandum, Plaintiff suggests two alternatives to a stay: 1) complete discovery for the ERISA plaintiffs, which could then be shared with the Securities class; or 2) complete discovery for the ERISA plaintiffs with a protective "wall" prohibiting the transfer of discovery from the ERISA plaintiffs to the Securities plaintiffs. Plaintiffs' Memo at 6, 7. Neither of these alternatives is suitable.

As support for its position that the ERISA plaintiffs should be given full discovery to be shared with the Securities plaintiffs, MSBI relies on *In re Tyco Sec. Litig.*, No. 02-MD-1335 (D.N.H. January 29, 2003). In *Tyco* the court ruled that, "any documents produced in the ERISA and Derivative actions shall also be made available to the plaintiffs in the Securities actions," because, *inter alia,* "keeping all parties on an equal footing with respect to discovery serves important case management interests in this complex litigation." *Id.* at 11. This Court agrees with *Tyco* that "keeping all parties on an equal footing with respect to discovery" is important, but not at the expense of the statutory command of the PSLRA. The PSLRA, as noted above, provides for a mandatory stay of discovery in any action brought under the federal securities laws (and, by 2003 amendment, any pendent state law securities claims) until resolution of the motion to dismiss. The stay provision exists because "[t]he cost of discovery often forces innocent parties to settle frivolous securities class actions." H.R. Conf. Rep. No. 104-369 (1995). If plaintiffs in a securities case could, by tacking ERISA claims onto underlying Securities

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                   Page 3
Not Reported in F.Supp.2d, 2003 WL 22227945 (S.D.N.Y.), Fed. Sec. L. Rep. P 92,522, 31 Employee Benefits Cas. 3037
**(Cite as: Not Reported in F.Supp.2d)**

actions, obtain discovery to which they would otherwise not be entitled under the PSLRA, then the PSLRA's mandatory stay provision would, as a practical matter, never apply. Congress could not possibly have intended for the PSLRA to be so easily marginalized. Allowing the ERISA plaintiffs to share the fruits of their discovery with the Securities plaintiffs would render the PSLRA's stay provision a nullity.

The second alternative proposed by the plaintiffs is to permit the ERISA plaintiffs to proceed with discovery, but to erect a "wall" between the ERISA plaintiffs and the Securities plaintiffs to prevent the Securities plaintiffs from accessing documents that they are not entitled under the PSLRA. Plaintiffs' Memo at 6. However, as Plaintiffs themselves concede, "erecting a wall between the Securities Action and this action would undermine the efficient conduct of both actions ..." Id. at 7. In addition, it would allow the handful of ERISA plaintiffs to control discovery for all of the parties in this action-a counterintuitive proposition to be sure. Finally, the Court is concerned that such a wall simply is not tenable, particularly given that some plaintiff's counsel retained on the ERISA Action are concurrently representing plaintiffs in the Securities Action.[FN2]

> FN2. Co-lead ERISA counsel Stull, Stull & Brody is listed as counsel of record in the *Matcovsky* and *Bennett* securities actions.

**\*3** A stay of all non-ERISA-specific discovery is efficient, non-prejudicial, and best comports with the purposes of the PSLRA. As such, Defendant's Motion For a Limited Stay of Discovery in the ERISA litigation is granted. In addition, Defendants are ordered to continue producing ERISA-specific documents in accordance with their Responses and Objections to Plaintiffs' First Request for Production of Documents. Because the Court takes Defendant at its word that it will make every effort to comply with ERISA-specific requests, any disputes over the scope of Defendant's production are hereby deferred while the PSLRA stay is in effect.

SO ORDERED.

S.D.N.Y.,2003.
In re AOL Time Warner, Inc. Securities and ERISA Litigation
Not Reported in F.Supp.2d, 2003 WL 22227945 (S.D.N.Y.), Fed. Sec. L. Rep. P 92,522, 31 Employee Benefits Cas. 3037

Briefs and Other Related Documents (Back to top)

• 2003 WL 23724549 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Opposition to Defendant Fidelity Trust Management Company's Motion to Dismiss the Consolidated Erisa Complaint (Nov. 04, 2003)
• 2003 WL 23724546 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendants' Motion for a Limited Stay of Discovery in the Erisa Litigation (Sep. 12, 2003)
• 2003 WL 23724547 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendant Fidelity Management Trust Company's Motion to Dismiss the Consolidated Erisa Complaint (Sep. 12, 2003)
• 2003 WL 23724545 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Support of Defendants' Motion for a Limited Stay of Discovery in the Erisa Litigation (Aug. 25, 2003)
• 2003 WL 23724542 (Trial Pleading) Consolidated Erisa Complaint (Jul. 03, 2003)
• 2003 WL 23724540 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Plaintiffs' Motion to Consolidate AOL Time Warner Inc. Erisa Cases and for Entry of Pretrial Order No. 1 (Feb. 28, 2003)
• 2002 WL 32631903 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Entry of Pretrial Order No. 1 (Dec. 03, 2002)
• 2002 WL 32631899 (Trial Pleading) Complaint (Nov. 06, 2002)
• 1:02cv08853 (Docket) (Nov. 06, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.